JODI LINKER
Federal Public Defender
Northern District of California
VARELL L. FULLER
Assistant Federal Public Defender
8th Floor - Suite 820
55 South Market Street
San Jose, CA 95113
Telephone: (408) 291-7753
Facsimile: (408) 291-7399
Email: Varell_Fuller@fd.org

Counsel for Defendant Wheeler

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No.: CR 24-70472 MAG |
|---|---|
| Plaintiff, | **DEFENDANT'S OBJECTION TO COMPELLED PSYCHIATRIC EVALUATION AND STATUS REPORT RE: BAIL** |
| v. | |
| NICHOLAS WHEELER, | **Court:** Courtroom 6, 4th Floor |
| Defendant. | |

    Mr. Wheeler initially appeared before this Court on March 25, 2024, at which time the Court ordered him detained pending preparation of a Pre-Bail Report. On March 27, 2024, Pretrial Services submitted a Pre-Bail Report recommending in part that Mr. Wheeler undergo an in-custody psychiatric evaluation to assess his dangerousness. The Court has set a hearing on April 3, 2024, regarding the government's motion to detain Mr. Wheeler without bond, and regarding the Pre-Bail Report.

    At this time, Mr. Wheeler respectfully objects to any compelled psychiatric evaluation, which is not authorized by any provision of the Bail Reform Act, 18 U.S.C. § 3141 *et. seq.*, and which would violate his Fifth Amendment privilege against self-incrimination.

The Bail Reform Act places important safeguards on the government's ability to detain an individual without bond, "including the requirement[] . . . that dangerousness be proved to a neutral magistrate by clear and convincing evidence." *United States v. Scott*, 450 F.3d 863, 874 (9th Cir. 2006). Indeed, the Supreme Court has been "explicit about what must occur under the federal Bail Reform Act—beyond arrest—before a pretrial criminal defendant could be detained: 'In a full-blown adversary hearing, the Government must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person.'" *Id*. (quoting *United States v. Salerno*, 481 U.S. 739, 750 (1987)).

Title 18 U.S.C. § 3142(g)(3) authorizes the Court to consider evidence submitted by either party regarding Mr. Wheeler's "history and characteristics," including his "character, physical and mental condition." The Bail Reform Act also permits the Court to order psychiatric or psychological treatment as a condition of release. § 3142(c)(1)(B)(vii). However, as the Second Circuit has expressly held, the Bail Reform Act does not authorize the Court to order Mr. Wheeler to undergo a compelled psychiatric examination in order to determine his dangerousness in the context of bail proceedings. *See United States v. Martin-Trigona*, 767 F.2d 35, 36 (2d Cir. 1985) ("We hold that the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3156, does not authorize a judicial officer to order as a condition of pretrial release a psychiatric examination to determine a defendant's dangerousness. Dangerousness must be decided on the basis of the information available at the bail hearing.").[1] Accordingly, Mr. Wheeler respectfully objects to any compelled psychiatric examination as part of the pre-bail process, which is not statutorily authorized, and which would violate his privilege against self-incrimination.

Finally, defense counsel continues to investigate potential avenues for Mr. Wheeler's release. At the hearing on April 3, defense counsel intends to advise the Court regarding the defense's ongoing efforts with respect to possible bail conditions and intends to request that the Court continue the bail proceedings to permit the defense additional time to further investigate issues relevant to Mr.

---

[1] One provision of the Bail Reform Act which could potentially authorize a compelled examination, 18 U.S.C. § 3142(f)(2), pertains to a person "who appears to be a narcotics addict," and would authorize a "medical examination to determine whether such a person is an addict." 18 U.S.C. § 3142(f)(2). That provision is not applicable here.

DEFENDANT'S OBJ. & STATUS REPORT
*WHEELER*, CR 24-70472–MAG

1  Wheeler's mental condition. The defense is still evaluating what, if any, further information the
2  defense may proffer about Mr. Wheeler's mental condition as it relates to setting release conditions.

4  Dated:    April 2, 2024                                  Respectfully submitted,

5                                                           JODI LINKER
                                                            Federal Public Defender
6                                                           Northern District of California

7                                                                         /S
                                                            _____
                                                            VARELL L. FULLER
8                                                           Assistant Federal Public Defender